Jesse Wing, WSBA #27751
JesseW@mhb.com
Katherine C. Chamberlain, WSBA #40014
KatherineC@mhb.com
MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104-1745
206-622-1604

~~Hon. Robert H. Whaley~~

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>CHELAN COUNTY; CHELAN COUNTY SHERIFF'S OFFICE; BRIAN BURNETT, individually and in his capacity as Chelan County Sheriff; MIKE HARUM, individually and in his capacity as Chelan County Sheriff; PHIL STANLEY, in his official and individual capacity; and RON WINEINGER, in his official and individual capacity,<br><br>Defendants. | No. CV-11-337-EFS<br><br>CONSENT DECREE |

COME NOW the parties and request entry of the following:

1.   Plaintiff Prison Legal News publishes and distributes a monthly journal of corrections news and analysis, and offers and sells books about the criminal justice system and legal issues affecting prisoners, to prisoners, lawyers,

CONSENT DECREE - 1

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.04 ek182204

courts, libraries, and the public throughout the Country. PLN engages in protected speech and expressive conduct on matters of public concern. *See Prison Legal News v. Lehman*, 397 F.3d 692 (9th Cir. 2005).

2. Defendant Chelan County is a municipal corporation formed under the laws of the State of Washington.

3. Defendant Chelan County operates the Chelan County Regional Justice Center and satellite buildings located in Wenatchee, Washington, which house convicted prisoners and pretrial detainees charged with federal, state or local crimes.

4. Defendant Phil Stanley is the Director of the Chelan County Jail. He reports directly to the Board of Commissioners of Chelan County. Ron Wineinger is the Deputy Director of the Chelan County Jail. Stanley and Wineinger are employed by and are agents of Chelan County. They are responsible for and personally participated in creating, implementing, and enforcing the Jail's prisoner mail policies at issue in this case.

5. All Defendants have represented to Plaintiff that since 2001, by Chelan County Resolution, the Chelan County Sheriff has not been responsible for the operations of the Chelan County Jail or for the training and supervision of the Jail staff, and is not the policymaker for the Jail policy governing mail for prisoners. Plaintiff relies on these representations in entering into this consent decree.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

9870.04 ek182204

6. On September 21, 2010, Defendants enacted new policies that banned all incoming periodicals and magazines except for one specific newspaper, and banned all books of any kind. The Jail's Mail Policy stated, in pertinent part:

> [The Chelan County Regional Justice Center] currently provides the Wenatchee World newspaper to general population inmates. *No subscriptions to any periodical or magazine will be allowed.*
>
> . . .
>
> LIST OF UNAUTHORIZED INCOMING MAIL
>
> . . . Hardbound or paperback books of any kind.

Defendants refer to this mail policy as "Policy-111 Inmate Mail Services."

7. The September 21, 2010 mail policy does not provide an opportunity for the sender to be heard to appeal the Jail's censorship decisions.

8. Defendants' "Mail Denial Notice" form states that the sender may appeal the censorship decision, but denies the opportunity to appeal if the mail is censored because it contains unauthorized attachments or enclosures.

9. In December 2010 through September 2011, and afterwards, Prison Legal News mailed its monthly journal, a soft-cover book entitled *Protecting Your Health and Safety*, informational brochures about subscribing to PLN and book offers, and a catalog of books that PLN offers, in envelopes addressed personally to prisoners at the Chelan County Jail.

10. The Jail censored at least 70 issues of the journal *Prison Legal News* mailed to prisoners. For approximately one-half of the censored journals, PLN received back a partial copy of the back cover marked "REFUSED" without

CONSENT DECREE - 3

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.04 ek182204

stating any reason for the censorship. For the other censored journals, the Jail did not return the mail to PLN or provide any notice of censorship.

11. The Jail censored the one-page informational brochures, book catalogs, and book offers that PLN mailed to at least 13 prisoners in envelopes. The Jail did not return the mail to PLN or provide any notice of censorship for the rejected mail.

12. The Jail censored 31 copies of the *Protecting Your Health and Safety* book that PLN had mailed to prisoners, marked them "REFUSED" and returned most, but not all, of the books to PLN.

13. The Jail sent PLN a "Mail Denial Notice" form for two items of censored mail. The forms state that the Jail rejected PLN's mail for the following reason: "Unauthorized attachments or enclosures in or on packages (no administrative review)" and "No Books/magazines." The Jail failed to provide a similar form or other notice to PLN for the other 112 items censored, nor did it provide any notice to PLN about how to appeal the censorship decisions.

14. The Jail's censorship of PLN's mail, and its failure to provide due process notice, have frustrated PLN's organizational mission, and have caused Prison Legal News additional financial harm in the form of diversion of its resources, lost subscriptions, purchases of its publications, book purchases, and return to sender charges.

15. Defendants used this "Policy-111 Inmate Mail Services" to censor publications, newspapers, magazines, journals, and correspondence from other publishers, book distributors, companies, and individuals.

CONSENT DECREE - 4

9870.04 ek182204

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

16. On September 9, 2011, PLN filed a lawsuit in this matter. On October 21, 2011, PLN filed a motion for preliminary injunction.

17. The First Amendment of the United States Constitution protects a publisher's right to correspond with prisoners through the mail. *Thornburgh v. Abbott*, 490 U.S. 401, 408 (1989); *Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th Cir. 2001); *Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). To withstand First Amendment scrutiny, "prison authorities . . . must first identify the specific penological interests involved and then demonstrate both that those specific interests are the actual bases for their policies and that the policies are reasonably related to the furtherance of the identified interests. An evidentiary showing is required as to each point." *Walker v. Sumner*, 917 F.2d 382, 386 (9th Cir. 1990).

18. Defendants have not articulated a legitimate penological interest for their September 21, 2010, mail policy prohibiting prisoners from receiving: (1) periodicals or magazines, or other publications including catalogs and brochures, or (2) paperback books. These policies are not reasonably related to legitimate penological interests. Defendants' ban on incoming periodicals, magazines, paperback books, and other publications including catalogs and brochures, was unconstitutional under the First Amendment.

19. By enforcing the September 21, 2010 mail policies to censor PLN's monthly journal, PLN's informational subscription and book brochures, PLN's

book catalog, and the *Protecting Your Health and Safety* book, addressed personally to prisoners at the Chelan County Jail, Defendants violated the First Amendment.

20. Defendants failed to afford due process protections to PLN when censoring its mail to prisoners. Defendants' notice when censoring Prison Legal News's publications, catalogs, books, and correspondence was inadequate and failed to provide an opportunity to appeal.

21. Defendants failed to provide minimum procedural safeguards to PLN, in violation of the Due Process Clause of the Fourteenth Amendment.

22. Defendants agree that a permanent injunction is appropriate.

23. The Ninth Circuit held in *Keith v. Volpe*, 833 F.2d 850 (9th Cir. 1987) that a party which prevails by obtaining a consent decree may recover attorneys' fees under § 1988 for monitoring compliance with the decree, even when such monitoring does not result in judicially sanctioned relief.

24. The Parties agree that PLN shall seek neither attorneys' fees nor costs for monitoring compliance with this Order. This does not limit PLN's right to seek fees and costs for any other action or enforcement effort (other than the cost of monitoring compliance with this Order).

ACCORDINGLY, the COURT HEREBY ORDERS, ADJUGES AND DECREES as follows:

(1) Defendants' September 21, 2010 mail policy and their mail practices pursuant to that policy violate the First and Fourteenth Amendments to the United States Constitution in the following ways:

CONSENT DECREE - 6

9870.04 ek182204

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

(a) The mail policy prohibited delivery of incoming periodicals and magazines, and prohibited all other types of publications including catalogs and brochures.

(b) The mail policy prohibited delivery of paperback books.

(c) The mail policy did not require that Defendants provide an opportunity for the sender to be heard to appeal the Jail's censorship decisions.

(d) The "Mail Denial Notice" form did not provide an opportunity for the prisoner-addressee or sender to appeal the censorship decision if the mail is rejected because it contains unauthorized attachments or enclosures.

(e) With two exceptions, Defendants failed to send a notice or otherwise identify the reason for their decision to censor PLN's mail, and failed to provide an opportunity to be heard to PLN.

(2) Defendants Chelan County, Director Phil Stanley, and Deputy Director Ron Wineinger, and their agents and employees charged with the operation of the Chelan County Jail, are further enjoined as follows:

(a) Defendants are enjoined from rejecting mail without giving constitutionally adequate due process.

(b) Defendants are enjoined from rejecting incoming mail because it is a periodical, magazine, or other publication including but not limited to catalogs and brochures.

(c) Defendants are enjoined from rejecting incoming mail because it is a paperback book.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

(3) This permanent injunction applies to Defendants' successors, including but not limited to any law enforcement agency, public entity, private organization, public official, or private person, who takes over responsibility for the operation of the Chelan County Jail in the future.

(4) Defendants are ordered to modify their mail policy and "Mail Denial Notice" form to be consistent with this Order within thirty (30) days. Defendants shall post the amendments in the inmates' living areas for a period of 90 days and post the mail policy on their website, update their automated telephone message and update applicable written material that are accessible to inmates.

(5) Plaintiff is a prevailing party entitled to payment by Defendants of $180,000 which includes all claims for damages ($114,000.00), fees ($65,145.00) and costs ($855.00) pursuant to 42 U.S.C. § 1983 and § 1988. Defendants will pay this sum within ten (10) calendar days of the entry of this Order. By agreement by the Parties, PLN shall not seek and shall not recover attorneys' fees or other relief for the costs for monitoring compliance with this Order. This does not limit PLN's right to seek fees and costs for any other action or enforcement effort (other than the cost of monitoring compliance with this Order).

(6) The public interest is served by the entry of this Order, which protects the constitutional rights of publishers and other persons who correspond with prisoners by mail, and the right of prisoners to send and receive mail.

(7) The Court retains jurisdiction of this matter for the purpose of enforcement of its Order.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

DATED this 1st of December, 2011.

_____
Hon. Edward F. Shea
United States District Court Judge

PRESENTED BY:

MacDONALD HOAGUE & BAYLESS

By: _____
Jesse Wing, WSBA # 27751
JesseW@MHB.com
Katherine C. Chamberlain, WSBA #40014
katherinec@mhb.com
Attorneys for Plaintiff

FOSTER PEPPER PLLC

By: /s/Milton Rowland via e-mail approval
Milton G. Rowland, WSBA #15625
Attorney for Defendants
Foster Pepper PLLC
422 W. Riverside Ave., Suite 1310
Chelan, WA  99201
Phone: 509/777/1600
Fax: 509/777/1616
rowlm@foster.com

CONSENT DECREE - 9